**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MORRIS GRAY,**
Plaintiff,
v.
**EQUIFAX INFORMATION SERVICES LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**CAPITAL ONE BANK (USA), N.A.,**
**WELLS FARGO BANK, N.A.,**
**ALLY FINANCIAL INC.,**
**UNITED REVENUE CORPORATION,**
**FREEDOM MORTGAGE CORPORATION,**
**THE BANK OF MISSOURI,**
**COMENITY BANK,**
**NELNET, INC.,**
**I.Q. DATA INTERNATIONAL, INC.,**
**KIA FINANCE AMERICA,**
**MR. COOPER f/k/a**
**NATIONSTAR MORTGAGE LLC,**
**ONEMAIN FINANCE CORPORATION**
**WEBBANK**

Defendants.

Case No.:

**COMPLAINT**
**INTRODUCTION**

1. Plaintiff Morris Gray, by and through his undersigned counsel, brings this action against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") (collectively, the "Consumer Reporting Agencies" or "CRAs"), and the furnishers of information identified above (collectively, the "Furnishers"), for systemic, egregious, negligent, and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as

1

well as violations of New York General Business Law §§ 349, 380-b, and 380-j.

2. Defendants' repeated and pervasive failures to comply with their statutory obligations under the FCRA—including the duties to maintain reasonable procedures to assure maximum possible accuracy of reported information, to provide complete and accurate disclosures of consumer files, to conduct reasonable reinvestigations of disputed information, and to ensure that furnishers investigate, correct, and update disputed information—have directly and proximately caused Plaintiff substantial and ongoing harm.

3. This harm includes multiple wrongful denials of credit and loans resulting from the dissemination of inaccurate, incomplete, unverifiable, and misleading information appearing on Plaintiff's credit reports, as well as severe emotional distress, anxiety, frustration, reputational injury, and other non-economic damages.

4. The Consumer Financial Protection Bureau ("CFPB") has repeatedly enforced against the CRAs for substantially similar systemic failures, underscoring a nationwide pattern of misconduct that directly parallels the violations alleged herein: a. On January 17, 2025, the CFPB issued a consent order against Equifax requiring payment of a $15 million civil penalty for failing to properly investigate consumer disputes, ignoring submitted evidence, reinserting previously deleted inaccuracies, issuing confusing and contradictory reinvestigation results, and utilizing flawed systems that perpetuated inaccurate reporting. b. On October 12, 2023, the CFPB and Federal Trade Commission jointly enforced against TransUnion for inadequate dispute investigations and inaccurate reporting, resulting in $15 million in penalties and redress. c. On January 7, 2025, the CFPB filed suit against Experian alleging "sham" investigations, insufficient processing of consumer disputes, uncritical deference to furnishers, and improper reinsertion of inaccurate information.

2

5. Congress enacted the FCRA in 1970 to ensure the accuracy, fairness, and privacy of consumer credit information. Defendants' knowing and continuing disregard for these statutory mandates has inflicted ruinous consequences upon Plaintiff and demonstrates a deliberate prioritization of operational efficiency and profit over consumer rights.

**PARTIES**

6. Plaintiff Morris Gray is an individual residing in New York County, New York 10004.

7. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a consumer reporting agency (CRA) as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

8. Defendant Experian Information Solutions, Inc. ("Experian") is a Nevada corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a consumer reporting agency (CRA) as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

9. Defendant Capital One Bank (USA), N.A. is a national banking association with its principal place of business in McLean, Virginia. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

10. Defendant Wells Fargo Bank, N.A. is a national banking association with its principal place of business in San Francisco, California. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

11. Defendant Ally Financial Inc. is a Delaware corporation with its principal place of business in Detroit, Michigan. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

12. Defendant United Revenue Corporation is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

13. Defendant Freedom Mortgage Corporation is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

14. Defendant The Bank of Missouri is a Missouri state-chartered bank with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

15. Defendant Comenity Bank is a Delaware state-chartered bank with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

16. Defendant Nelnet, Inc. is a Nebraska corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York. It is also known as the Department of Education and is set forth by that name below.

17. Defendant I.Q. DATA INTERNATIONAL, INC. is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

18. Defendant KIA FINANCE AMERICA is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

19. Defendant MR. COOPER f/k/a NATIONSTAR MORTGAGE LLC is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

20. Defendant ONEMAIN FINANCE CORPORATION is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

21. Defendant WEBBANK is a corporation with operations affecting consumers in New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.  The name of the

4

financial product used by the Plaintiff and which appears on the credit report is Avant.

## JURISDICTION AND VENUE

22. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA, 15 U.S.C. § 1681 et seq., and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

23. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as Plaintiff resides in this district, and a substantial part of the events giving rise to the claims occurred in this district, including the dissemination of inaccurate credit reports to lenders and the resulting denials of credit.

## FACTUAL ALLEGATIONS

### General Allegations Applicable to All Defendants

24. Around November 2024, Plaintiff applied for credit for personal and household purposes.

25. Plaintiff's information was disseminated to known and unknown creditors and lenders.

26. Plaintiff was denied credit.

27. Around February 2026, Plaintiff requested his full file disclosure from Experian, TransUnion and Equifax (the "CRAs") from annualcreditreport.com. The CRAs failed to provide full file disclosure, which is a violation of 15 U.S.C. § 1681g(a).

28. The same day, Plaintiff reviewed his credit from each CRA's individual website online and discovered inaccurate, incomplete, and inconsistent information reporting on his credit reports.

29. Around February 2026, Plaintiff disputed these items of information with Experian and Equifax, and submitted an online dispute to TransUnion in March 2026 pursuant to 15 U.S.C. § 1681i(a).

5

30. Upon information and belief, each CRA notified each Defendant furnisher about the disputes. This triggered the duty of the furnishers under 15 U.S.C. § 1681s-2(b) to conduct a proper and reasonable reinvestigation and update, delete, or block any account that cannot be verified.

31. Instead, all Defendants failed their grave responsibility to reinvestigate and performed only sham reporting.

32. Around March 2026, Plaintiff applied for loans with Upstart, Upgrade, and Capital One.

33. Plaintiff's information was disseminated to known and unknown creditors and lenders.

34. Plaintiff was denied credit again.

35. Plaintiff immediately logged in on each CRA account and reviewed his credit report. Plaintiff discovered that the accounts were not reinvestigated and the errors were not corrected.

## Specific Allegations Against Experian

### Accounts

36. DEPT OF EDUCATION/NELNET - 900000XXXXXXXXX: Account is inaccurate and incomplete. March 2011 to March 2023 payment not reported. August to December 2025 payment not reported. July 2025 payment is not accurate.

37. IQ DATA: Plaintiff did not open this account.

38. UNITED REVENUE - 101052XX: This account is inaccurate and incomplete. Much missing payment data not reported. March 2020 to January 2022 payment data not reported.

39. UNITED REVENUE - 102290XX: This account is inaccurate and incomplete. Much missing payment data not reported. June 2020 to January 2022 payment data not reported.

40. UNITED REVENUE - 103514XX: This account is inaccurate and incomplete. Much missing payment data not reported. October 2020 to January 2022 payment data not reported.

6

41. UNITED REVENUE - 103977XX: This account is inaccurate and incomplete. Much missing payment data not reported. December 2020 to January 2022 payment data not reported.

42. UNITED REVENUE - 105177XX: This account is inaccurate and incomplete. Much missing payment data not reported. June 2021 to January 2022 payment data not reported.

43. Ally Financial - 228112XXXXXX: Recent payment, Monthly payment, Highest balance not reported. Account status is outdated.

## Specific Allegations Against Equifax

### Accounts

44. Capital One xxxxxxxxxxxx 1414: This account is inaccurate and incomplete. Much payment data are missing.

45. Commenity / academy - xxxxxxxxxxxx 7019: This account is inaccurate and incomplete much payment data is missing.

46. WELLS FARGO CARD SERV - xxxxxxxxxxxx 6036: This account is inaccurate and incomplete, Much payment data is missing. January 2019 to December 2019 payment data not reported.

47. FREEDOM MORTGAGE - xxxxx 8436: This account is inaccurate and incomplete, Much payment data is missing. Payment date from August 2024 to July 2025 payment not reported.

48. BANK OF MISSOURI xxxxxxxxxxxx 3942: This account is inaccurate and incomplete, Many payment data are missing. NO PAYMENT HISTORY REPORTED.

49. Webbank / Avant: This account is inaccurate and incomplete.  Much payment data is missing.

50. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 1091: This account is inaccurate and incomplete, Much payment data is missing. January 2012 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated.

51. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 0691: This account is inaccurate and incomplete, Much payment data is missing. January 2012 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

52. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 0791: This account is inaccurate and incomplete, Much payment data is missing. January 2011 to July

7

2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

53. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 0591: This account is inaccurate and incomplete, Much payment information is missing. January 2011 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

54. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 0891: This account is inaccurate and incomplete. Much payment data is missing. January 2011 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

55. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 1291: This account is inaccurate and incomplete, Much payment data is missing, update or delete account. January 2011 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

56. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 0991: This account is inaccurate and incomplete, Much payment data is missing. January 2012 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

57. DEPARTMENT OF EDUCATION / NELNET - xxxxxxxxxxx 1191: This account is inaccurate and incomplete, Much payment data is missing, update or delete account. January 2012 to July 2023 payment data not reported. July 2025 is reported 120 days late inaccurately. Account is outdated and duplicated.

58. Ally Financial - xxxxxxxx 5950: This account is inaccurate, Date of last activity not reported, Credit Limit, High Credit, Available Credit, Delinquency First Reported is not reported.

**Specific Allegations Against TransUnion (mentioned only as facts – not a defendant)**

59. ALLY FINANCIAL 22811211****: This account is inaccurate and incomplete, Account date closed is inaccurate, January 2026 payment not reported, This account is not reporting consistently with other CRAs. Reinvestigate, update or delete.

60. DEPT OF ED / NELNET 90000078008****: This is a duplicate account, March 2011 to April 2023 payment data not reported, July 2025 payment not accurate, August to October 2025 payment data not reported, inconsistently reported with other CRAs. This account appears as duplicate about six times.

61. IQ DATA INT'L INC IQD0RWR257926****: This account is inaccurate and incomplete, No payment history reported, upon information and belief, Plaintiff did not apply or open this account. This account is not reporting consistently with other CRAs. Reinvestigate.

62. KIA FINANCE AMERICA 2016040552****: This account is inaccurate and incomplete, July to October 2016 payment data not reported. This account is not reporting consistently with other CRAs.

63. MR. COOPER/NATIONSTAR MORTGAGE LLC 69687****: September 2020 to September 2022 payment data not reported, December 2022 payment data not reported, This account is not reporting consistently with other CRAs.

64. ONEMAIN 912510203257****: This account is inaccurate and incomplete, No payment history data reported, This account is not reporting consistently with other CRAs.

65. As a direct and proximate result of Defendants' inaccurate and unlawful credit reporting, Plaintiff suffered concrete and particularized harm. Plaintiff was denied credit and loan opportunities for which he otherwise would have qualified, including the mortgage and credit applications, as well as subsequent denials from SoFi, Upstart, and Capital One, resulting in lost financial opportunities and increased costs of credit. Plaintiff was further forced to expend time, effort, and resources attempting to correct the inaccurate reporting.

66. In addition, Plaintiff experienced emotional distress, anxiety, frustration, and mental anguish, as well as financial stress and reputational harm, caused by the continued presence of false and misleading information on his credit report. These injuries are actual, real, and measurable, and not merely procedural or speculative.

## CLAIMS FOR RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

**I. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)** (Against Defendants Equifax Information Services LLC and Experian Information Solutions, Inc.)

67. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

68. Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by 15 U.S.C. § 1681g(a), by including inaccurate, incomplete, and outdated information, omitting critical account details, and refusing to delete or correct disputed items despite evidence. This failure perpetuated errors identified in CFPB actions against each Defendant.

69. These violations were negligent and/or willful, entitling Plaintiff to actual damages (e.g., credit denials), statutory damages up to $1,000 per violation, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

9

## AS AND FOR A SECOND CAUSE OF ACTION

**II. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)** (Against Defendants Equifax Information Services LLC and Experian Information Solutions, Inc.)

70. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.
71. Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b), resulting in the dissemination of inaccurate, incomplete, and unverifiable information to third parties.
72. These failures mirror the CFPB's findings against Defendants, including flawed software (Equifax) and sham processes (Experian), demonstrating a pattern of systemic noncompliance.
73. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A THIRD CAUSE OF ACTION

**III. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681i** (Against Defendants Equifax Information Services LLC and Experian Information Solutions, Inc.)

74. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.
75. Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. failed to conduct reasonable reinvestigations of Plaintiff's disputes, as required by 15 U.S.C. § 1681i, by ignoring submitted evidence, allowing reinsertion of inaccuracies, providing confusing results, and relying on automated verifications without meaningful review.
76. Had Defendants conducted proper reinvestigations, they would have updated, deleted, or blocked the disputed items under 15 U.S.C. § 1681i(a)(5) and marked accounts as disputed. Specifically, Defendants violated: a. 15 U.S.C. § 1681i(a)(2): By failing to promptly notify furnishers of disputes and provide all relevant information. b. 15 U.S.C. § 1681i(a)(4): By failing to review and consider all relevant consumer-submitted information. c. 15 U.S.C. § 1681i(a)(5): By failing to delete or modify inaccurate/incomplete information and prevent reappearance. d. 15 U.S.C. § 1681i(a)(6)(B)(iii): By failing to provide descriptions of investigation procedures upon request. e. 15 U.S.C. § 1681i(a)(7): By failing to timely provide requested investigation descriptions.

10

77. These violations align with CFPB findings of improper investigations (Equifax) and sham processes (Experian).

78. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A FOURTH CAUSE OF ACTION

### IV. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) – Failure to Conduct Reasonable Investigation (Against all Furnisher Defendants)

79. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

80. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information after receiving notice of the dispute from one or more consumer reporting agencies. This includes, without limitation: a. failing to review or consider Plaintiff's submitted dispute letters and supporting documentation; b. failing to verify the accuracy of the missing or incomplete payment history on the Capital One, Wells Fargo Auto, DEPT OF ED/NELNET, United Revenue, Ally, I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK / AVANT accounts; c. failing to investigate the re-aging and inconsistent late-payment notations on the Capital One accounts; d. failing to confirm whether duplicate DEPT OF ED accounts were reporting the same debt; and e. failing to investigate the incomplete payment data on the United Revenue accounts and the unverifiable I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK / AVANT accounts.

81. As a direct and proximate result of the Furnisher Defendants' failure to conduct a reasonable investigation, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation and score, credit denials, inability to obtain credit, and other financial and non-economic damages.

82. The Furnisher Defendants' conduct was negligent and/or willful.

83. Plaintiff is entitled to recover actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n for the Furnisher Defendants' willful violations.

84. Alternatively, Plaintiff is entitled to recover actual damages and litigation costs pursuant to 15 U.S.C. § 1681o if the Furnisher Defendants' violations are found to be negligent.

## AS AND FOR A FIFTH CAUSE OF ACTION

**V. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(B) – Failure to Review All Relevant Information and Note Dispute** (Against all Furnisher Defendants)

85. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.
86. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and forwarded by the consumer reporting agencies (including Equifax, TransUnion, Experian, and others), and by failing to promptly notify the consumer reporting agencies that the disputed information was disputed. This includes, without limitation: a. ignoring Plaintiff's online and mailed disputes detailing missing payment history, re-aging, and duplicate accounts; b. failing to note or forward the disputes to all CRAs so the accounts could be marked "in dispute"; and c. failing to consider Plaintiff's specific allegations regarding the incomplete and outdated status of the Capital One, Wells Fargo Auto, DEPT OF ED/NELNET, United Revenue, Ally, I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK / AVANT accounts.
87. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to Plaintiff's credit reputation and rating, credit denials, inability to obtain credit, and other injuries and damages.
88. The Furnisher Defendants' conduct was negligent and/or willful.
89. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.
90. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A SIXTH CAUSE OF ACTION

**VI. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(C) – Failure to Report Accurate Information After Dispute** (Against all Furnisher Defendants)

91. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.
92. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report complete and accurate information to the consumer reporting agencies after the dispute was received. This includes, without limitation: a. continuing to

12

report incomplete or missing payment history on the Capital One, Wells Fargo Auto, DEPT OF ED/NELNET, United Revenue, Ally, I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK / AVANT accounts; b. failing to correct the erroneous 120-day late notations and re-aging on the Capital One accounts; and c. failing to update the incomplete payment data on the United Revenue accounts and the unverifiable I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK accounts.

93. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other financial and non-economic damages.

94. The Furnisher Defendants' conduct was negligent and/or willful.

95. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

96. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### VII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(D) – Failure to Report Results to All Consumer Reporting Agencies (Against all Furnisher Defendants)

97. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

98. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the results of the investigation to all consumer reporting agencies to which the Furnisher Defendants had provided the disputed information (including Equifax, TransUnion, Experian, and other consumer reporting agencies known and unknown).

99. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other injuries and damages.

100. The Furnisher Defendants' conduct was negligent and/or willful.

101. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

102. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**

**VIII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(E) – Failure to Modify, Delete, or Block Inaccurate/Unverifiable Information** (Against all Furnisher Defendants)

103.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

104.    The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the reporting of disputed items of information that were found to be inaccurate, incomplete, or could not be verified after reinvestigation. This includes, without limitation: a. failing to correct the missing payment history and outdated status on all Capital One, Wells Fargo Auto, DEPT OF ED/NELNET, United Revenue, Ally, I.Q. DATA INTERNATIONAL, INC., KIA FINANCE AMERICA, NATIONSTAR MORTGAGE LLC, ONEMAIN, and WEBBANK / AVANT accounts; b. failing to update the incomplete payment data on the United Revenue accounts; and c. failing to report the current status of the accounts as "in dispute," which rendered the reporting materially misleading and inaccurate.

105.    The Furnisher Defendants also failed to have reasonable procedures in place to modify or update information in their internal systems and to report the accurate status of disputed accounts to consumer reporting agencies.

106.    The Furnisher Defendants further violated this subsection by failing to delete items of information that were incomplete, inaccurate, or could not be verified, and by failing to report the current status of the accounts as "in dispute," which rendered the reporting materially misleading and inaccurate.

107.    As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials, inability to obtain credit, and other financial and non-economic damages.

108.    The Furnisher Defendants' conduct was negligent and/or willful.

109.    Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

110.    Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

14

**AS AND FOR A NINTH CAUSE OF ACTION**

**IX. Willful Noncompliance, 15 U.S.C. § 1681n (Against All Defendants)**

111.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

112.   Defendants' failures to correct inaccuracies, conduct reasonable reinvestigations, and mark accounts as disputed were willful, in violation of 15 U.S.C. § 1681n, as evidenced by systemic deficiencies documented in CFPB enforcement actions and Defendants' continued noncompliance despite prior penalties.

113.   These willful violations caused Plaintiff significant harm, entitling him to statutory damages ($100–$1,000 per violation), punitive damages, and attorney's fees.

**AS AND FOR A TENTH CAUSE OF ACTION**

**X. Violation of N.Y. Gen. Bus. Law § 380-b – Failure to Provide Complete and Accurate Disclosure (Against All Defendants)**

114.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

115.   Defendants failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by N.Y. Gen. Bus. Law § 380-b, by including inaccuracies and omitting details, causing harm including credit denials and emotional distress.

116.   Plaintiff is entitled to actual damages, injunctive relief, and attorney's fees.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**

**XI. Violation of N.Y. Gen. Bus. Law § 349 – Deceptive Acts and Practices (Against All Defendants)**

117.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

118.   Defendants engaged in deceptive acts and practices by maintaining and disseminating inaccurate credit reports, failing to correct errors, and not marking disputes, in violation of N.Y. Gen. Bus. Law § 349. These practices were consumer-oriented, materially misleading, and caused injury.

119.   Plaintiff is entitled to actual damages (trebled up to $1,000), injunctive relief, and attorney's fees.

**AS AND FOR A TWELFTH CAUSE OF ACTION**

**XII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) – Failure to Provide Complete and Accurate Disclosure of Consumer File (Against Defendants Equifax Information Services LLC and Experian Information Solutions, Inc.)**

120.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

121.    Pursuant to 15 U.S.C. § 1681g(a), consumer reporting agencies are required to make available to consumers, upon request, all information in the consumer's file at the time of the request, including a complete and accurate disclosure of the consumer's credit file, which must clearly and accurately disclose all information in the file.

122.    Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. failed to provide Plaintiff with a complete and accurate disclosure of his credit files, as required by 15 U.S.C. § 1681g(a).

123.    Specifically, the disclosures provided by these Defendants included inaccurate, incomplete, outdated, and unverifiable information; omitted critical account details (such as complete payment histories, high credit amounts, term durations, dates of last activity, dates of first delinquency, scheduled payment amounts, and actual payment amounts); and failed to reflect corrections or deletions of disputed items despite Plaintiff's repeated disputes and submission of supporting documentation.

124.    The Defendants' disclosures perpetuated the dissemination of erroneous, misleading, and incomplete information, directly contributing to Plaintiff's wrongful credit denials, severely damaged credit score (reduced by over 100 points across reports), reputational harm, and profound emotional distress (including anxiety, frustration, humiliation, headaches, insomnia, and loss of sleep).

16

125.    These violations were negligent and/or willful, as evidenced by the Defendants' systemic failures documented in multiple Consumer Financial Protection Bureau enforcement actions, including the January 17, 2025 order against Equifax, the October 12, 2023 joint CFPB/FTC action against TransUnion, and the January 7, 2025 lawsuit against Experian, all of which found recurring deficiencies in accurate disclosures and dispute processing.

126.    As a direct and proximate result of the Defendants' violations of 15 U.S.C. § 1681g(a), Plaintiff has suffered actual damages, including but not limited to economic losses from credit denials, inability to secure new credit, reputational injury, and severe emotional and mental anguish.

127.    Plaintiff is entitled to recover actual damages, statutory damages (up to $1,000 per violation), punitive damages, costs of the action, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n (for willful violations) and 1681o (for negligent violations).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award actual damages for financial losses, including credit denials, inability to secure credit, and a damaged credit score;

b. Award statutory damages under 15 U.S.C. § 1681n for Defendants' willful violations of the FCRA;

c. Award punitive damages to deter Defendants' willful and reckless conduct;

d. Award compensatory damages for emotional distress, reputational harm, and mental anguish;

e. Order Defendants to correct, delete, or block all inaccurate and incomplete information from Plaintiff's credit files and mark accounts as disputed where applicable;

f. Award reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and N.Y. Gen. Bus. Law § 349;

g. Grant such other and further relief as the Court deems just and proper.

17

Plaintiff demands trial by jury.


Dated: April 16, 2026

/s/ Adam J. Fishbein

Adam J. Fishbein (AF-9508)

Attorney At Law

Attorney for the Plaintiff

735 Central Avenue

Woodmere, New York 11598

516-668-6945

fishbeinadamj@gmail.com